United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Patricia Ann Nowlen,　　　　　　　　　　　　　　　Case No. 10-77544-R
　　　　　　　Debtor.　　　　　　　　　　　　　　Chapter 7
_____/

Michael A. Stevenson,
　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 11-4718

Leonard A. Turowski & Son Funeral
Home, Inc. d/b/a Neely-Turowski Funeral Home,
　　　　　　　Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

On December 16, 2010, Patricia Ann Nowlen filed for chapter 7 relief. On February 11, 2011, Michael Stevenson, the chapter 7 trustee, filed a complaint against the Neely-Turowski Funeral Home for recovery of funds Nowlen paid to the Funeral Home as a preferential transfer under 11 U.S.C. § 547(c)(2) or as a fraudulent transfer under § 548(a)(1)(B). The facts underlying this adversary proceeding are undisputed.

On October 15, 2010, Nowlen's husband passed away. Shortly thereafter, Nowlen met with Todd Turowski, the director of the Funeral Home, to make arrangements for the funeral services and burial of her husband. During that meeting, Nowlen signed a Funeral Purchase Contract which identified the funeral services to be rendered and a payment price of $12,361.04. The terms of the contract required payment to be made immediately and provided for a late fee after 30 days.

Nowlen was unable to pay the funeral costs at the time the services were rendered.

Therefore, she and Turowski agreed that she would pay the Funeral Home with the proceeds of a MetLife life insurance policy upon her receipt of the proceeds.

On November 30, 2010, Nowlen paid the Funeral Home $12,361.04 from funds received from the insurance company. Nowlen was not charged a late payment fee. This is the payment that the trustee seeks to recover.

## II. Preference - Ordinary Course of Business Defense

The Funeral Home argues although the $12,361.04 payment is a preference, it is not avoidable because it was a transfer made in the ordinary course of business. Pursuant to 11 U.S.C. § 547(c)(2), the trustee may not avoid a transfer:

> [T]o the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was –
>
> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>
> (B) made according to ordinary business terms;

This exception was designed to "'protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee.'" *Waldschmidt v. Ranier* (*In re Fulghum Constr. Corp.*), 872 F.2d 739, 743 (6th Cir.1989) (quoting *Energy Co-op., Inc. v. SOCAP Int'l, Ltd.* (*In re Energy Co-op., Inc.*), 832 F.2d 997, 1004 (7th Cir.1987)).

There is no dispute that the debt at issue was incurred in the ordinary course of business as required by the introductory language of the statute. It is perfectly normal for a debtor who is faced with the death of a close family member to incur expenses for funeral services. Further, the ordinary business of the Funeral Home is to provide funeral services.

The dispute here involves subsections (A) and (B). The Sixth Circuit has explained that the

2

test set forth in § 547(c)(2) has both a subjective and an objective component. "The subjective prong [now subsection (A)] requires proof that the debt and its payment are ordinary in relation to other business dealings between *that* creditor and *that* debtor. The objective prong [now subsection (B)] requires proof that the payment is ordinary in relation to the standards prevailing in the relevant industry." *Logan v. Basic Distribution Corp.* (*In re Fred Hawes Org., Inc.*), 957 F.2d 239, 244 (6th Cir. 1992).

Prior to the 2005 amendments to § 547(c)(2), a party had to satisfy both the subjective prong and the objective prong. Now, a party can prevail by demonstrating either one. *See Simon v. MacSteel, Inc.* (*In re Am. Camshaft Specialties, Inc.*), 444 B.R. 347 (Bankr. E.D. Mich. 2011) ("BAPCPA removed the conjunctive 'and' and replaced it with the disjunctive 'or' between the subjective component and the objective component in the text of § 547(c)(2) of the Bankruptcy Code that deals with the transfer.").

With respect to subsection (A), "there is no precise legal test which can be applied; rather, this court must engage in a 'peculiarly factual' analysis." *Waldschmidt*, 872 F.2d at 743. The factors which courts generally consider include, "timing, the amount and manner a transaction was paid and the circumstances under which the transfer was made." *Yurika Foods Corp. v. United Parcel Serv.* (*In re Yurika Foods Corp.*), 888 F.2d 42, 45 (6th Cir. 1989).

Here, Nowlen and the Funeral Home did not have a prior relationship before entering into the transaction at issue. However, the Sixth Circuit has held that "a transaction can be in the ordinary course of financial affairs even if it is the first such transaction undertaken by the customer. This rule holds where the transaction would not be out of the ordinary for a person in the borrower's position." *Gosch v. Burns* (*In re Finn*), 909 F.2d 903, 908 (6th Cir. 1990). In such cases,

3

compliance with the terms of the parties' contract is of the utmost importance. *See Jahn v. Genesis Merchant Partners, LP* (*In re U.S. Ins. Grp., LLC*), __ B.R. __, 2011 WL 2457940, *5 (Bankr. E.D. Tenn. 2011) (Compliance with the terms of the contract constitutes the best evidence of ordinariness.); *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 643 (7th Cir. 2003) (In cases involving a first-time transaction, "the ordinary course of business may be established by the terms of the parties' agreement, until that agreement is somehow or other modified by actual performance.").

The Court finds that the debtor's payment was not out of the ordinary for a person in Nowlen's position. Debtors faced with the death of a close family member will naturally arrange for funeral services and a deferred payment when necessary to address their financial difficulties. In addition, the Court notes that funeral homes might be loathe to extend credit to new customers with questionable finances if they were not protected by the ordinary course of business defense. Although Nowlen signed a contract with the Funeral Home specifying that payment was due immediately, the evidence established that the parties agreed that Nowlen would pay for the services upon receipt of the life insurance proceeds. The Funeral Home performed the services as agreed and Nowlen paid the Funeral Home as agreed. Because this transaction was conducted according to the terms of the parties' agreement, the Court finds that the payment was ordinary as between Nowlen and the Funeral Home.

The Court also concludes that the payment satisfies § 547(c)(2)(B). In support of its motion, the Funeral Home submitted the affidavits of Todd Turowski and Patrick Lynch to the effect that

the payment was made according to ordinary business terms in the industry.[1] The trustee submitted no contradictory evidence. Based on these affidavits, the Court finds that the preference is excepted from avoidance under § 547(c)(2)(B).

### III. Fraudulent Transfer

The trustee brought Count II under § 548(a)(1)(B), which allows the trustee to avoid a transfer in exchange for which the debtor received less than reasonably equivalent value. "Value" is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2)(A). In exchange for the payment, Nowlen received satisfaction of an antecedent debt.

The trustee asserts that the debtor received no benefit by the satisfaction of the debt because she filed for bankruptcy relief shortly after the transfer, therefore discharging the debt anyway. The trustee has provided no support for his position. Because the amount of debt satisfied was equal to the amount of the payment, the Court concludes that Nowlen received reasonably equivalent value.

Accordingly, the payment was not a fraudulent transfer.

For the reasons set forth above, the trustee's motion for summary judgment is denied and the Funeral Home's motion for summary judgment is granted. The complaint is dismissed.

---

1. The trustee argues, with some merit, that the Court should not consider the affidavit of Patrick Lynch because the defendant did not disclose him as an expert as required by Fed. R. Civ. P. 26. However, even if this position is sustained, the affidavit of Todd Turowski remains unrebutted and by itself supports the Court's conclusion.

For Publication

**Signed on August 02, 2011**

                                                       /s/ Steven Rhodes
                                       **Steven Rhodes**
                                       **United States Bankruptcy Judge**